**In re PETITION OF Alton W. WILEY.**

**No. 93–663–M.P.**

Supreme Court of Rhode Island.

Feb. 8, 1996.

Lauren E. Jones, Caroline Cole Cornwell, Providence, for amicus, Rhode Island Bar Association.

## OPINION

PER CURIAM.

This case comes before us on a petition filed by a justice of the Superior Court seeking our review of an opinion issued by the Advisory Committee on the Code of Judicial Conduct (committee). In substance the committee advised the justice, Alton W. Wiley, that his attendance at the annual dinner dance of the Rhode Island Trial Lawyers Association (RITLA), whether at his own expense or as a guest of RITLA, would violate the Code of Judicial Conduct (code) that has been adopted by this court. Upon receipt of the petition we invited the committee, the justice, and all other interested parties to file briefs with this court to aid in our determination. Only one brief has been filed. This brief was prepared by Lauren E. Jones, Esquire and Caroline Cole Cornwell, Esquire, and is submitted on behalf of the Rhode Island Bar Association. The brief contains a comprehensive analysis of the issues raised by the committee's advisory opinion. Therefore, no oral argument was scheduled, and the court will decide the issues raised on the basis of the committee's opinion and the arguments set forth in the brief. The facts underlying the opinion are as follows.

RITLA is an organization of trial lawyers whose bylaws and stated objectives are as follows:

"Its objectives shall be to uphold and defend the Constitution of the United States; to advance the science of jurisprudence; to train in all fields and phases of advocacy; to promote the administration of justice for the public good; to uphold the honor and dignity of the profession of the law; and especially to advance the cause of those who are damaged in person or property and who must seek redress therefor; to encourage brotherhood among the members of the bar; and to uphold and improve the adversary system and trial by jury."

Although RITLA was initially formed by attorneys who generally represented plaintiffs, its membership is open to all lawyers who are interested in litigation. Currently its members include both plaintiffs' and defendants' lawyers with approximately 650 members. As its bylaws indicate, RITLA is engaged in efforts to improve the law, the legal system, and the administration of justice. It sponsors a number of educational programs for both lawyers and nonlawyers, including a program of mock trials in which Rhode Island high school students participate. It also sponsors student trial-advocacy programs for law students of the northeastern region of the United States.

Since 1987 RITLA has held an annual dinner dance at which it presents a Citizen of the Year award. This award has been bestowed on judges, lawyers, and also on the Episcopal Bishop of Rhode Island. All justices of the Superior and the Supreme Courts are invited to attend this annual event as guests of RITLA. The cost for a single

person to attend the 1993 dinner dance, concerning which the opinion was issued, was $50. The event is usually attended by between 150 and 200 people who include lawyers, judges, and spouses. In 1993 two Superior Court justices were to be honored, one as the Citizen of the Year, and the other with a special award for management of Settlement Weeks in the Superior Court.

Upon receiving the invitation, the Superior Court justice sought the committee's opinion concerning the propriety of his accepting this invitation. The committee responded by a letter, which is attached hereto and marked as exhibit A. In effect, the committee advised that acceptance of the invitation to be a guest at the dinner dance would violate Canon 4D(4)(h) of the Code of Judicial Conduct, which permits gifts only in the following circumstances:

"(h) any other gift, bequest, favor or loan, only if: the donor is not a party or other person who has come or is likely to come or whose interests have come or are likely to come before the judge; and, if its value exceeds $150.00, the judge reports it in the same manner as the judge reports compensation in Section 4H."

The commentary to this rule suggests that judges are prohibited from accepting gifts, favors, bequests, or loans from lawyers or their firms if they have come or are likely to come before that judge.

The committee went on to say that if the justice paid for his own ticket, his attendance would violate Canon 2A, which reads as follows:

"Canon 2. A Judge Shall Avoid Impropriety and the Appearance of Impropriety in all of the Judge's Activities.—A. A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

It appears that the committee looked upon the RITLA invitation as one extended by an individual lawyer or law firm as opposed to one that was associated with a bar-related activity. Canon 4D(4)(a) specifically allows a judge to accept "an invitation to the judge and the judge's spouse or guest to attend a bar-related function or an activity devoted to the improvement of the law, the legal system or the administration of justice." This provision would seem to be more pertinent to the propriety of a judge's attending either a meeting of the Rhode Island Bar Association or RITLA. This provision would permit attendance at meetings of either organization either at the judge's own expense or as a guest of the association.

We believe that judges in this state should be encouraged to participate in bar-related activities whether conducted by the Rhode Island Bar Association or by other groups including RITLA whose objectives are concerned with the improvement of the administration of justice and the legal system. Other jurisdictions have issued advisory opinions to this effect. The New York Advisory Committee on Judicial Ethics has held "that a judge may attend a function of a bar association or other similar lawyers' association as a guest of that association even if the function or affair is expensive." Opinion 87–15(b).

The Oregon Judicial Conduct Committee has advised that judges may attend seminars given by such groups as the Trial Lawyers Association, the Criminal Defense Lawyers Association, and the District Attorneys Association. *The Digest of Judicial Ethics Advisory Opinions* 457 (American Judicature Society, D. Solomon ed.1991). Other states such as Maryland, South Carolina, Georgia, and California have liberally interpreted their canons to permit judges' participation in bar-related activities.

We are greatly appreciative of the voluntary efforts expended by members of our Advisory Committee on the Code of Judicial Conduct. We agree with their objectives of maintaining high standards of conduct among members of the Judiciary and in encouraging judges to avoid the appearance of impropriety. However, our analysis of the Code of Judicial Conduct in the light of opinions rendered in other jurisdictions and the commentary that accompanies the code causes us to believe that judges should not be required to live in isolation. Canon 4B and its commentary affirmatively encourage a judicial officer to contribute to the improvement of the law, the legal system, and the administration of

justice either independently "or through a bar association, judicial conference or other organization dedicated to the improvement of the law."

Judges should participate in activities of the Rhode Island Bar Association and other similar groups and organizations that are dedicated to the improvement of the legal system. Of course, judges should avoid contamination by inappropriate relationships with those who might seek by ex parte communication to influence the judge on a pending case. However, avoiding intellectual exchange among lawyers and academics may lead the judge to a form of mental asphyxiation that will diminish his or her effectiveness. A judge should not be isolated from the current of ideas abroad in his or her profession or those that may be contributed by related disciplines. Attendance at meetings of bar associations and such organizations as RITLA will stimulate the judge's thought processes whether the judge agrees or disagrees with the positions that may be taken by these organizations.

For the reasons stated, we modify the committee's advisory opinion by stating that a judge or justice of any of our courts may attend meetings of the Rhode Island Bar Association or RITLA either as a guest of the organization or at his or her own expense. This opinion may be transmitted to the committee and to the inquiring justice for their information.

BOURCIER, J., not participating.

October 22, 1993

EXHIBIT A

Associate Justice Alton W. Wiley
Superior Court of Rhode Island
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

Dear Judge Wiley:

This opinion letter is in response to your letter dated October 13, 1993, requesting an opinion from the Advisory Committee on The Code of Judicial Conduct.

Your letter inquires whether you may accept an invitation to be a guest of the Trial Lawyers' Association at its Annual Dinner Dance.

Pursuant to the Commentary to Canon 4, "the acceptance of an invitation paid for by an individual lawyer or a group of lawyers is governed by Canon 4D(4)(h). That rule provides as follows:

4. A judge shall not accept, and shall urge members of the judge's family residing in the judge's household,* not to accept, a gift, bequest, favor or loan from anyone except for:

(h) any other gift, bequest, favor or loan, only if: the donor is not a party or other person who has come or is likely to come or whose interests have come or are likely to come before the judge; and, if its value exceeds $150.00, the judge reports it in the same manner as the judge reports compensation in Section 4H.

Section 4D (4)(h) prohibits judges from accepting gifts, favors, bequests or loans from lawyers or their firms if they have come or are likely to come before the judge.

Under these facts, it is likely that lawyers belonging to the Trial Lawyers' Association have come or are likely to come before you. Thus, it is the unanimous opinion of the Committee that your acceptance of an invitation paid for by the Trial Lawyers' Association would violate Canon 4D (4)(h).

Further, the Committee believes that even if you personally pay for the ticket to the dinner dance, Canon 2 prohibits your attendance. That rule provides as follows:

Canon 2. A Judge Shall Avoid Impropriety and the Appearance of Impropriety in all of the Judge's Activities.—A. A judge shall respect and comply with the law* and shall act at all times in a manner that promotes poublic confidence in the integrity and impartiality of the judiciary.

*See also*, Digest of Opinion #91–6, issued October 16, 1991 (attached hereto)

Advisory Committee on
The Code of Judicial Con-
duct

Very truly yours,

/s/ Pamela M. Macktaz
    Associate Justice
    Pamela M. Macktaz
    Chairperson